IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 08 C 2750 |
| ALLIED PILOTS ASSOCIATION ) | Judge Conlon |
| DISABILITY INCOME PLAN (Loss of ) | |
| License), ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT ALLIED PILOTS ASSOCIATION DISABILITY INCOME PLAN'S ANSWER TO AMENDED COMPLAINT

As and for its Answer ("A") to Plaintiff's Amended Complaint ("AC"), Defendant Allied Pilots Association Disability Income Plan ("Defendant"), by and through counsel, alleges and states as follows:

AC1.  Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability income plan sponsored and administered by the Allied Pilots Association.

A1.  Paragraph 1 of the Amended Complaint states legal conclusions, to which no response is required. To the extent a response is required, the

1

allegations are denied. Defendant admits, however, that the Disability Income Plan is a "group long-term disability income plan sponsored and administered by the Allied Pilots Association."

AC2.  The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

> A2.  Paragraph 2 of the Amended Complaint states legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

AC3.  Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

> A3.  Paragraph 3 of the Amended Complaint states a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied.

AC4.  This is a claim seeking disability income benefit payments to Plaintiff pursuant to a plan providing group long-term disability income (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") sponsored and administered by the Allied Pilots Association. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

> A4.  Defendant admits that Plaintiff seeks disability income benefit payments under a plan providing disability benefits sponsored and administered by the Allied Pilots Association. Defendant denies the remaining allegations in the first sentence of Paragraph 4, and denies that Exhibit A fully describes the Plan or is a "true and correct copy" of the governing Plan

        document. The second sentence of Paragraph 4 states a legal conclusion, to which no response is required. To the extent a response is required, the allegation is denied.

AC5.    The Plaintiff, Robert Wagner, is and was a resident of Evanston, Illinois at all times relevant hereto.

        A5.    Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies those allegations.

AC6.    The Defendant, Allied Pilots Association Disability Income Plan (Loss of License) ("Plan") is a disability income plan sponsored and administered by the Allied Pilots Association. At all times relevant hereto, the Plan was operating and being administered throughout the United States, including the Northern District of Illinois.

        A6.    Defendant admits the allegations contained in the first sentence of Paragraph 6 of the Amended Complaint, but denies the allegations of the second sentence.

AC7.    At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); incident to Plaintiff's employment he received coverage under the Plan as a "participant," as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

        A7.    The first sentence of Paragraph 7 of the Amended Complaint states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies those allegations and specifically denies the allegation that Plaintiff's coverage by the Plan was "incident to [his]

3

employment." With respect to the second sentence, Defendant admits Plaintiff is seeking benefits from the Plan.

AC8. Plaintiff was employed as a pilot for American Airlines and was a member of the Allied Pilots Association actively employed until July 22, 2005, when he was forced to cease working due to disequilibrium/vertigo caused by a perilymph fistula on his right side which plaintiff incurred due to barometric pressure trauma during his last flight while piloting an aircraft on behalf of his employer. Plaintiff has not been actively employed since that date.

> A8. Defendant admits that Plaintiff was employed as a pilot for American Airlines and was a member of the Allied Pilots Association and that he ceased flying as a pilot on or about July 22, 2005, but denies the remaining allegations of the first sentence of Paragraph 8 of the Amended Complaint. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 8 and therefore denies that allegation.

AC9. Subsequent to ceasing employment, Plaintiff made a claim for disability benefits under the Plan. Plaintiff supported his claim for benefits with medical records and reports, as well as other evidence, including objective medical evidence, certifying and establishing his disability.

> A9. Defendant admits that Plaintiff made a claim to the Plan for disability income benefits, but denies the remaining allegations of Paragraph 9 of the Amended Complaint.

AC10. Pursuant to the Plan, *disability* is defined as follows:

> *The terms "Disabled" and "Disability" mean the inability of a Plan Participant to perform the material occupational duties as a Company pilot as the result of an Injury or Sickness and such Injury or Sickness is not excluded under the "General Exclusions" subsection on page 10. The Plan Participant must be under the Regular Care and Attendance of a Physician and must be unable to maintain either a first or second class FAA medical certificate.*

  A10. Defendant admits that Plaintiff has accurately quoted language from p. 28 of the Definitions Section of the Plan in Paragraph 10 of the Amended Complaint, but states that other provisions in the Plan bear on the question of what constitutes a compensable disability.

AC11. Due to his condition, Plaintiff has been unable to perform the material occupational duties of his occupation, or any other occupation, since July 2005.

  A11. Defendant lacks information sufficient to form a belief as to the truth of the allegation in Paragraph 11 of the Amended Complaint that Plaintiff has been unable to perform the "material occupational duties of his occupation" since July 2005, and therefore denies those allegations. Defendant denies the allegation that Plaintiff's "condition" renders him unable to perform the duties of another "occupation."

AC12. Despite the consistency of the evidence submitted on Plaintiff's behalf, the Plan denied benefits and, upon appeal, upheld the denial despite the submission of further proofs and evidence demonstrating and establishing the Plaintiff's entitlement to benefits, and that his condition did not fall within any policy limitations or exclusions.

  A12. Defendant admits the allegation in Paragraph 12 of the Amended Complaint that the Plan denied Plaintiff's application for benefits and upheld that denial on appeal, but denies the remaining allegations of Paragraph 12.

AC13. That determination by the Plan is contrary to the terms of the Plan and has no rational support in the evidence. The decision is contrary to the reports and assessments of all treating and examining physicians and was not based on substantial evidence.

> A13. Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

AC14. As a direct and proximate result of the foregoing, based on the evidence submitted to Allied establishing Plaintiff has met and continues to meet the Plan's disability definitions, Plaintiff is entitled to all benefits due since July 2005, and such benefits must continue for the maximum benefit period.

> A14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

AC15. All avenues of administrative appeal to Allied have now been concluded. Therefore, all efforts at administrative review or appeal have been exhausted and this matter is ripe for judicial review.

> A15. Defendant admits the allegation contained in the first sentence of Paragraph 15 of the Amended Complaint. The second sentence states legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

AC. WHEREFORE, Plaintiff prays for the following relief:

A. That the court enter judgment in Plaintiff's favor and against Defendant and that the court order Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B.  That the court order Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C.  That the court determine and then declare that Defendant is required to continue paying Plaintiff benefits so long as he meets the Plan's terms and conditions for receipt of benefits;

D.  That the court award Plaintiff attorneys fees pursuant to 29 U.S.C. §1132(g); and

E.  That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

> A.  Defendant denies that Plaintiff is entitled to the relief requested or to any other relief, monetary, declaratory, or injunctive, including costs or attorneys fees.
>
> **WHEREFORE**, Defendant prays for the following relief:
>
> 1.  That Plaintiff's Complaint be dismissed in its entirety with prejudice;
>
> 2.  That Defendant recover its costs in defending this suit, including reasonable attorneys fees; and
>
> 3.  Such other and further relief as this Court may deem just and proper.

*Affirmative Defenses*

1.  The Amended Complaint fails to state a claim upon which relief may be granted, in whole or in part.

2.  The Amended Complaint fails because Plaintiff's condition does not and cannot constitute a compensable disability under applicable Plan rules.

3. The Amended Complaint fails because Plaintiff failed to submit his claim to the Plan within the Plan's mandatory time limits.

4. The Amended Complaint fails because Plaintiff failed to fulfill his obligations under the Plan document.

5. The Amended Complaint fails because of the doctrine of waiver and/or estoppel.

6. The Amended Complaint fails because the Plan's fiduciaries had no discretion under the express terms of the Plan document to reconsider their denial of Plaintiff's benefits claim.

7. The Amended Complaint fails because there is no evidence of arbitrary or capricious conduct on the part of the Plan's fiduciaries.

Respectfully submitted,

/s/ WESLEY KENNEDY
Wesley Kennedy
ALLISON, SLUTSKY & KENNEDY
230 West Monroe Street
Suite 2600
Chicago, IL 60606
Tel: (312) 364-9400
Fax: (312) 364-9410

Steven K. Hoffman *(Pro Hac Vice application pending)*
Courtney J. Chappell *(Pro Hac Vice application pending)*
JAMES & HOFFMAN
1101 17th St., NW
Suite 510
Washington, D.C. 20036-4748
Tel: (202) 496-0500
Fax: (202) 496-0555

Dated: July 14, 2008

Attorneys for Defendant Allied Pilots Association Disability Income Plan